UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD LEE MCELRATH,

           Petitioner,

v.                                                          Case No. 24-cv-572-bhl

DENITA R BALL,

           Respondent.

## SCREENING ORDER

On May 8, 2024, Donald Lee McElrath, a state prisoner currently incarcerated at Mendota Mental Health Institute, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) He also filed a brief in support of his petition. (ECF No. 2). On May 23, 2024, McElrath paid the accompanying filing fee, and his petition is now ready for screening.

### SCREENING THE PETITION

Rule 4 of the Rules Governing Section 2254 Cases provides for the screening of habeas petitions.[1] The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2001, McElrath pleaded guilty to First Degree Sexual Assault of a Child, in violation of Wis. Stat. § 948.02(1). *State v. McElrath*, Case No. 2001CF005771, Milwaukee

---

[1] McElrath filed his petition under Section 2241, but Rule 1(b) of the Rules Governing Section 2254 Cases authorizes the Court to apply those rules to Section 2241 petitions as well.

Cnty. Cir. Ct. Pursuant to his conviction, McElrath is subject to lifetime registration on Wisconsin's sex offender registry, Wis. Stat. § 301.45. (ECF No. 3 at 2.)

On August 1, 2022 McElrath was charged with violating the sex offender registry statute by failing to update his address and a warrant was issued for his arrest. (*Id.*); *State v. McElrath*, Case No. 2022CF003028, Milwaukee Cnty. Cir. Ct. On July 30, 2023, McElrath made his initial appearance and on August 8, 2023 he pleaded not guilty. Court Record, *State v. McElrath*, Case No. 2022CF003028, Milwaukee Cnty. Cir. Ct. On August 28, 2023, the circuit court found there was reason to believe McElrath was not competent to stand trial and ordered a competency examination. *Id.* On November 9, 2023, that same court found McElrath incompetent and ordered him transferred to a mental health institution. *Id.* On May 1, 2024, the court found McElrath was still incompetent to stand trial and ordered him committed for treatment. *Id.*

In his petition, McElrath asserts a single ground for habeas relief: "Illegal detainment in the City of Wauwatosa Circuit Court Branch-45." (ECF No. 1 at 10.) McElrath alleges that he is being "illegally detained in the City of Wauwatosa Circuit Court Branch 45" because the violation of the sex offender registry he is charged with took place in the City of Milwaukee, not Wauwatosa. (*Id.* at 2.) He alleges that Judge Jean Marie Kies "failed to realize that the City of Wauwatosa circuit courts and Branch-45 do not have jurisdiction over the City of Milwaukee circuit court cases." (*Id.* at 3.) McElrath indicates that he raised this issue at two separate hearings before the circuit court. (*Id.*) McElrath also takes issue with being referred to in the complaint as "Donnie Lee McElrath" instead of "Donald Lee McElrath."[2] (*Id.* at 11.) In his accompanying brief, McElrath asserts that "the City of Wauwatosa Circuit Court Branch-45" is denying his due process rights "by illegally detaining [McElrath] in another circuit court district/jurisdiction other than . . . the City of Milwaukee." (ECF No. 2 at 1.)

McElrath's brief includes multiple additional references that appear unrelated to the ground alleged in his petition. He refers to equal protection, search and seizure, and warrant requirements. (*Id.* at 1.) He also lists a number of circuit court branches and designates them as either "The City of Milwaukee" or "The City of Wauwatosa." (*Id.* at 1–2.) McElrath makes vague allusions to excessive bail and cruel and unusual punishment and alleges that the public defender's office and Milwaukee County Circuit Court employees have violated his rights. (*Id.* at 4.) He mentions

---

[2] The circuit court record shows that the court ordered that McElrath be recognized as "Donald" at the November 9, 2023 competency hearing. Court Record, *State v. McElrath*, Case No. 2022CF003028, Milwaukee Cnty. Cir. Ct.

having "filed complaints against the Milwaukee Public Defender['s] Office in 2018-2023" and "criminal complaints such as sexual harassment, sexual assaults, stalking, [and] death threats." (*Id.*) McElrath alleges that someone was "found guilty of the above charges" resulting from an FBI investigation and claims that his "victim retaliation rights are being violated by these criminals," as well as his due process rights. He also alleges that he has never jumped bail and is eligible for a pretrial release bond. (*Id.*)

McElrath requests that the "Court order [his] immediate release from the illegal detainment in the jurisdiction of the City of Wauwatosa Circuit Court Branch-45." (ECF No. 1 at 12.) He also asks the Court to "make clear and clarify" that City of Wauwatosa judges "do not have the authority to issue arrest warrants, order competency evaluation[s], preside over cases or criminal violation that are committed in the City of Milwaukee. (*Id.*) Finally, he asks the Court to notify the City of Milwaukee of his "desire to settle with the City of Milwaukee, Milwaukee County, the Department of Health Service[s], and the Department of Corrections sex offender registry program." (*Id.*)

## ANALYSIS

A state prisoner is only entitled to relief under Section 2241 if he can establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts lack the authority to grant habeas relief based on errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Read generously, McElrath's claim is that his detention is illegal because Branch 45 of the Milwaukee County Circuit Court is located in Wauwatosa and not Milwaukee—where his alleged crime occurred—and therefore the state court that ordered his detention lacks jurisdiction and authority under state law to detain him. There are multiple problems with this claim.

As an initial matter, this claim does not implicate McElrath's *federal* rights. Nothing about McElrath's allegations concerning the appropriate venue for the state court proceedings against him implicates any federal right. His challenge is to the authority of a specific branch of the Wisconsin Circuit Court to preside over his case. But whether his case was assigned to the correct branch is wholly a matter of state procedure and state law. In other words, whether framed as a challenge to venue or jurisdiction, McElrath's claim implicates state, not federal law. *See* Wis. Stat. §§ 970.01(1), 971.19 (describing where initial appearances and trial in criminal matters shall occur). "Because the court would need to interpret Wisconsin law to determine whether the circuit

court acted without jurisdiction, this federal court cannot decide the issue in a habeas petition." *Spivery v. Jess*, No. 17-cv-1256-pp, 2020 WL 4048510, at *3 (E.D. Wis. July 20, 2020) (citing *Estelle*, 502 U.S. at 67); *see also Krysheski v. Kingston*, No. 06-C-0015, 2006 WL 2009082, at *2 (E.D. Wis. July 17, 2006).

Second, McElrath's claim also fails because it relies on the incorrect assertion that his state court proceeding was improperly adjudicated in "the City of Wauwatosa Circuit Court Branch-45" rather than the City of Milwaukee Circuit Court. (*See* ECF No. 1 at 12.) The Wisconsin trial courts are divided by county, not by city. Wis. Stat. § 753.06. Both Wauwatosa and Milwaukee are in Milwaukee County, and cases emanating from both cities are adjudicated in the Milwaukee County Circuit Court. *See Municipalities*, Milwaukee County, https://county.milwaukee.gov/EN/Municipalities. Furthermore, Wisconsin law requires that criminal cases are adjudicated in the *county* in which the offense was alleged to have been committed. Wis. Stat. §§ 970.01(1), 971.19. Thus, the very premise of McElrath's claim is flawed.

Third, even if McElrath's petition raised a federal claim and was not premised on a fundamental misunderstanding of the Wisconsin court system, his habeas petition would be barred because he has not exhausted his state court remedies. His petition does not suggest that he has raised his claim in the state courts beyond the circuit court level. A review of the online docket from his state court proceedings confirms this fact. Accordingly, McElrath's attempt to invoke this Court's habeas jurisdiction fails because he has not yet exhausted all avenues for relief in the state courts. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions . . . .")

For all three reasons, McElrath's petition must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that McElrath's petition for writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ODERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a

different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 10, 2024.

                                               s/ *Brett H. Ludwig*
                                               BRETT H. LUDWIG
                                               United States District Judge